SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOHN J. LULEJIAN (Cal. Bar No. 186783)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0721
    Facsimile: (213) 894-0141
    E-mail:   John.Lulejian@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>BANI SOLORZANO,<br><br>A Fugitive from the Government of Canada. | No. 17MJ02667<br><br>GOVERNMENT'S REQUEST FOR DETENTION PENDING EXTRADITION PROCEEDINGS; [PROPOSED] ORDER |

    Plaintiff, United States of America, by and through its counsel of record, the United States Attorney, hereby submits its request for detention pending further extradite on proceedings.

Dated: October 26, 2017        Respectfully submitted,

                                        SANDRA R. BROWN
                                        Acting United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        */s John J. Lulejian*
                                        JOHN J. LULEJIAN
                                        Assistant United States Attorney

                                        Attorneys for Complainant
                                        UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL BACKGROUND

This is an extradition matter. The fugitive, BANI SOLORZANO ("SOLORZANO"), has been arrested pursuant to an arrest warrant based on a formal request for extradition from Canada. The fugitive is the subject of a warrant of arrest from Canada, issued on March 1, 2012, by Justice of the Peace Ian Zaharko in Edmonton, Alberta, Canada. The fugitive has been charged in Canada with the crimes of (1) sexual interference, in violation of section 151 of the Criminal Code of Canada ("CCC"); (2) invitation to sexual touching, in violation of section 152 of the CCC; and (3) sexual assault, in violation of section 271 of the CCC. The United States submits that detention of the fugitive is appropriate, and moves for such detention.

### II. ARGUMENT

In foreign extradition matters there is a presumption against bail and only "special circumstances" will justify release on bail. See Wright v. Henkel, 190 U.S. 40, 41, 62-63 (1903) (case that is origin of "special circumstances" test); United States v. Salerno, 878 F.2d 317, 317 (9th Cir. 1989); see also In re Extradition of Smyth, 976 F.2d 1535, 1535-36 (9th Cir. 1992); Kamrin v. United States, 725 F.2d 1225, 1228 (9th Cir. 1984). "Special circumstances" are limited to situations in which the justification for release is pressing as well as plain. United States v. Kin-Hong, 83 F.3d 523, 524 (1st Cir. 1996).

The "special circumstances" test permits a fugitive's release on bail prior to the court's decision on his extraditability only where: (1) "special circumstances" exist, and (2) the fugitive is not a flight risk or danger to the community. See In re Extradition of

Antonowitz, 244 F. Supp. 3d 1066, 1068 (C.D. Cal. 2017); In re Extradition of Gonzalez, 52 F. Supp. 2d 725, 735 (W.D. La. 1999).

There are a number of aspects of the "special circumstances" test in extradition cases that bear emphasis. First, the burden of showing special circumstances rests upon the fugitive. See, e.g., Salerno, 878 F.2d at 317-18. Second, the absence of flight risk does not constitute a special circumstance, nor is it a basis for release absent "special circumstances." Id.; accord Williams, 611 F.2d at 915; Hababou v. Albright, 82 F. Supp. 2d 347, 352 (D.N.J. 2000); Koskotas v. Roche, 740 F. Supp. 904, 919 (D. Mass. 1990), aff'd, 931 F.2d 169 (1st Cir. 1991); In re Extradition of Siegmund, 887 F. Supp. 1383, 1387 (D. Nev. 1995); Hills, 765 F. Supp. at 385. Third, although there is no finite list of what factors may constitute "special circumstances," courts have applied the presumption against bail and have narrowly circumscribed the set of factors that may present special circumstances. In re Extradition of Sutton, 898 F. Supp. 691, 694 (E.D. Mo. 1995) ("Courts have taken a limited view of what constitutes "special circumstances."); Hills, 765 F. Supp. at 385. Nearly a century ago, Judge Learned Hand wrote that bail should be granted in extradition cases "only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory." In re Mitchell, 171 F. 289 (S.D.N.Y. 1909). The courts' frequent rejection of claims of special circumstances since Judge Hand's day have shown that this principle remains sound. See, e.g., In re Extradition of Smyth, 976 F.2d at 1535-36 (the need to consult with counsel, gather evidence, and confer with witnesses do not support finding of special circumstances); Hababou v. Albright, 82 F. Supp. 2d at 351-52 (delay in extradition of at least a year

while fugitive was awaiting trial on U.S. charges does not constitute special circumstances).

The rationale that informs the presumption against bail in extradition cases is that the United States has an "overriding foreign relations interest in complying with treaty obligations and producing extradited persons." Hills, 765 F. Supp. at 385. The courts have long recognized that the presentation of the forfeited bond to the requesting nation, in lieu of the body of the prisoner, would fail to satisfy the international demand and would cause embarrassment to the United States and damage to its foreign policy interests. See Wright, 190 U.S. at 62; accord Jimenez v. Aristiguieta, 314 F.2d 649, 653 (5th Cir. 1963) ("No amount of money could answer the damage that would be sustained by the United States were the appellant to be released on bond, flee the jurisdiction, and be unavailable for surrender, if so determined. The obligation of this country under its [extradition] treaty with Venezuela is of paramount importance."); Borodin v. Ashcroft, 136 F. Supp. 2d 125, 134 (E.D.N.Y. 2001) ("[T]he presumption against bail in extradition cases counsels against incurring even a small risk [of flight] absent special circumstances."); United States ex rel. McNamara v. Henkel, 46 F.2d 84, 84-85 (S.D.N.Y. 1912) (presentation of forfeited bail to a foreign nation "is ridiculous, if not insulting").

No special circumstances appear to be present here that would justify the release of the fugitive. Even if he could demonstrate special circumstances, he poses a risk of flight, and should be detained for that additional, independent reason. SOLORZANO is a flight risk because he is subject to an immigration hold and based on his lack of status in the United States may be deported to his native

Guatemala.¹ He also faces a potential lengthy prison sentence if convicted. Further, because of nature of the charges pending in Canada, SOLORZANO poses a danger to the community.

### III. CONCLUSION

In this case, no special circumstances appear to be present that would justify the release of the fugitive on bail. Even if such special circumstances were present, the fugitive presents an unacceptable risk of flight and danger to the community. The United States reserves the right, if the Court finds the presence of special circumstances, to argue to the Court the issues of flight risk and/or danger to the community.

Dated: October 26, 2017          Respectfully submitted,

                                 SANDRA R. BROWN
                                 Acting United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division

                                 /s John J. Lulejian
                                 JOHN J. LULEJIAN
                                 Assistant United States Attorney

                                 Attorneys for Complainant
                                 UNITED STATES OF AMERICA

---

¹ In addition, this court and others have rejected claims of special circumstances based on pending immigration removal proceedings. See Antonowitz, 244 F. Supp. 3d at 1071; In re Extradition of Ramos, 2015 WL 4748821 at *6 (D. Colo. Aug. 11, 2015); In re Extradition of Orozco, 268 F. Supp. 2d 1115, 1116-17 (D. Ariz. 2003).