SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOHN J. LULEJIAN (Cal. Bar No. 186783)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0721
    Facsimile: (213) 894-0141
    E-mail:    John.Lulejian@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>BANI SOLORZANO,<br><br>A Fugitive from the Government of Canada. | No. 17-02667M<br><br>SUPPLEMENTAL CASE LAW IN SUPPORT OF GOVERNMENT'S REQUEST FOR DETENTION PENDING EXTRADITION PROCEEDINGS |

    Plaintiff, United States of America, by and through its counsel of record, the United States Attorney, hereby submits the attached memorandum of law setting forth the citations to the government's oral argument made at the November 6, 2017, detention hearing.

Dated: November 8, 2017        Respectfully submitted,

                                      SANDRA R. BROWN
                                      Acting United States Attorney

                                      LAWRENCE S. MIDDLETON
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                      */s John J. Lulejian*
                                      JOHN J. LULEJIAN
                                      Assistant United States Attorney

                                      Attorneys for Complainant
                                      UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The fugitive, BANI SOLORZANO, has been arrested pursuant to an arrest warrant based on a formal request for extradition submitted by Canada.[1] The government moved for detention at the initial appearance. At the fugitive's request, the Court scheduled a detention hearing for November 1, 2017, and rescheduled that hearing for November 6, 2017.

Immediately prior to the November 6, 2017, hearing, the fugitive provided the government a 10-page opposition to the government's request for detention. Because the government did not have time to reply to the opposition brief before the hearing, the Court allowed the government to argue for detention and later supplement its argument with the relevant citations. After listening to the arguments of both the government and the fugitive, and considering the papers submitted to the Court, the Court determined that there were no special circumstances that warranted the fugitive's release, and ordered continued detention.

### II. ARGUMENT

In his opposition, the fugitive asserted that there are six special circumstances that exist in this case: (1) community support; (2) family obligations; (3) lack of criminal history; (4) pre-extradition delay; (5) post-certification delay; and

---

[1] The fugitive is charged in Canada with the crimes of (1) sexual interference, in violation of section 151 of the Criminal Code of Canada ("CCC"); (2) invitation to sexual touching, in violation of section 152 of the CCC; and (3) sexual assault, in violation of section 271 of the CCC.

(6) absence of risk of flight.[2] The government argued that none of these assertions rise to the level of special circumstances, as contemplated by Wright v. Henkel, 190 U.S. 40 (1903), and its progeny. What follows is a brief summary of the relevant case law that supports the government's arguments.

### A. Fugitive's Alleged Community Support, Lack of Criminal History, and Lack of Flight Risk

A fugitive's character, including past conduct, lack of a prior criminal record, and ties to the community are not special circumstances. Instead, these factors are more appropriately considered when conducting the independent flight risk analysis. See In re Extradition of Nacif-Borge, 829 F. Supp. 1210, 1220 (D. Nev. 1993) ("More often, the character and background of a person subject to extradition are considered in regard to risk of flight and danger to the community rather than as a special circumstance."); see also In re Extradition of Martinelli Berrocal, No. 17-22197-MC-TORRES, 2017 WL 2908361, at *20 (S.D. Fla. July 7, 2017); In re Extradition of Sidali, 868 F. Supp. 656, 658-59 (D.N.J. 1994) (rejecting "extraordinary character" based on employment, family ties, no prior record, and community respect as special circumstance); In re Extradition of Valles, 36 F. Supp. 2d 1228, 1231 (S.D. Cal. 1998) (fugitive's past conduct and community ties used to assess flight risk). Further, a fugitive's "arguable acceptability as a tolerable

---

[2] The fugitive claimed that the same standard for bail applies at all stages of an extradition case. (Opp'n Br. at 1-3.) While the government disagrees with this statement, it did not address this statement during oral argument. Accordingly, the government will not set forth the relevant case law supporting its position on this issue in this memorandum. However, the government respectfully reserves the right to challenge this proposition in the future.

2

bail risk" is not a special circumstance. <u>United States v. Williams</u>, 611 F.2d 914, 915 (1st Cir. 1979); see also <u>United States v. Leitner</u>, 784 F.2d 159, 161 (2d Cir. 1986) (noting that "[e]ven a low risk of flight" is not a circumstance sufficiently "unique" to constitute a special circumstance); <u>Salerno v. United States</u>, 878 F.2d 317, 317-18 (9th Cir. 1989) (lack of flight risk "is not a criteria for release in an extradition case").

    B.    **Family Obligations**

Court have recognized that families experience hardship in almost every case where one person is detained:

> that possibility [of unwelcome financial strain], however unfortunate, is present in almost every case where a defendant with family faces detention pending adjudication. Accordingly, the fact that the defendant's family depends on him for financial and emotional support is not a special circumstance weighing in favor of release.

<u>In re Extradition of Drumm</u>, 150 F. Supp. 3d 92, 99 (D. Mass. 2015); see <u>In re Extradition of Antonowicz</u>, 244 F. Supp. 3d 1066, 1072 (C.D. Cal. 2017) ("The Court does not intend to understate the financial and emotional burdens that detention causes, but those burdens are present in almost all cases and therefore do not constitute a 'special circumstance.'") (internal quotation and citation omitted); <u>Beresford-Redman</u>, 753 F. Supp. 2d at 1087 ("Emotional hardship for the family of a fugitive facing extradition is present in almost all cases and therefore does not constitute a 'special circumstance.'") (internal quotation and citation omitted); <u>In re Extradition of Maniero</u>, 950 F. Supp. 290 (S.D. Cal. 1996) ("A defendant's incarceration regularly creates difficulties for him and his

family."); see also In re Extradition of Smyth, 976 F.2d 1535, 1535-36 (9th Cir. 1992) (special circumstances must be "extraordinary" and not factors applicable to all fugitives facing extradition).

### C. Pre-Extradition Delay

The extradition statute does not impose limits on the time in which a country requesting extradition must present its request to the United States. See 18 U.S.C. § 3184, et seq. The Constitution, likewise, "does not of its own force impose on foreign governments the obligation to act speedily in seeking extradition of a fugitive from the United States." In re Extradition of Kraiselburd, 786 F.2d 1395, 1398 (9th Cir. 1986); see Kamrin v. United States, 725 F.2d 1225, 1227-28 (9th Cir. 1984). Moreover, Article 4 of the extradition treaty between the United States and Canada requires only that the extradition not lie outside of the requesting state's statute of limitations. Cf. Martinez v. United States, 828 F.3d 451, 462 (6th Cir. 2016) (en banc) (extradition treaty's "'lapse of time' language does not incorporate the Sixth Amendment speedy-trial protections"). Accordingly, any delay by a foreign country in seeking extradition is not relevant to a United States extradition proceeding (except to the extent it bears on the applicable statute of limitations), let alone a special circumstance. See In re Extradition of Drayer, 190 F.3d 410, 415 (6th Cir. 1999) (fourteen-year delay in seeking extradition not bar to extradition); Martin v. Warden, Atlanta Penitentiary, 993 F.2d 824, 825 (11th Cir. 1993) (seventeen-year delay in seeking extradition not bar to extradition); Drumm, 150 F. Supp. 3d at 98-99 (seven-year delay in seeking extradition not special circumstance warranting bail).

### D. Delayed Extradition and Appellate Proceedings

The Ninth Circuit has recognized that "'unusual delay in the appeal process' can be a 'special circumstance' that will justify bail . . . ." See In re Extradition of Kirby, 106 F.3d 855, 863 (9th Cir. 1996) (quoting Salerno v. United States, 878 F.2d 317, 317 (9th Cir. 1989); emphasis added). However, the delay must be something beyond what are simply "factors applicable to all defendants facing extradition." Maniero, 950 F. Supp. at 294; see Smyth, 976 F.2d at 1535-36 ("The need to consult with counsel, gather evidence and confer with witnesses, although important, is not extraordinary; all incarcerated defendants need to do these things."); Antonowicz, 244 F. Supp. 3d at 1070 ("For delay to qualify [as a special circumstance], it would have to be something beyond what all defendants face in extradition."). Further, the delay caused by or attributed to the petitioner is not a special circumstance. See, e.g., United States v. Kin-Hong, 83 F.3d 523, 525 (1st Cir. 1996) (rejecting bail claim where "[t]o the extent that there has been some delay, [the petitioner] himself is partly responsible"); In re Extradition of Heilbronn, 773 F. Supp. 1576, 1581 (W.D. Mich. 1991) (court unsympathetic to petitioner who requested several delays); United States ex rel. McNamara v. Henkel, 46 F.2d 84 (S.D.N.Y. 1912) (delay justifies bail "only where the hearing date comes and the complainant is not ready to proceed").

A fugitive must provide support why his extradition matter will be particularly lengthy or complex. See Kirby, 106 F.3d at 863. Once the government files the motion for formal extradition, the process of determining whether to certify extraditability should, in most cases, be relatively straightforward. See 18 U.S.C. § 3184;

5

Santos v. Thomas, 830 F.3d 987, 990 (9th Cir. 2016) (en banc) ("Once the warrant is issued, the district court, which may include a magistrate judge, conducts a hearing to determine whether there is evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, or, in other words, whether there is probable cause.") (internal quotation and citations omitted). He also must describe why there would be any delays, other than those generated by things entirely within his control, such as seeking a writ of habeas corpus or an appeal of the district court's decision thereon. See Smyth, 976 F.2d at 1535-36.

### III. CONCLUSION

In this case, the Court's decision that no special circumstances appear to be present that would justify the release of the fugitive on bail is supported by the applicable case law.

Dated: November 8, 2017

Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s John J. Lulejian
JOHN J. LULEJIAN
Assistant United States Attorney

Attorneys for Complainant
UNITED STATES OF AMERICA