```
SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOHN J. LULEJIAN (Cal. Bar No. 186783)
Assistant United States Attorney
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0721
     Facsimile: (213) 894-0141
     E-mail:    John.Lulejian@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>BANI SOLORZANO,<br><br>A Fugitive from the Government of the Canada. | No. 17-02667 M<br><br>UNOPPOSED *EX PARTE* APPLICATION TO SEAL DOCUMENT; DECLARATION OF JOHN J. LULEJIAN; EXHIBIT; [proposed] ORDER |

The United States of America, by and through the United States Attorney for the Central District of California, hereby applies *ex parte* for an order directing that the Redacted Complaint (Docket No. 13) in the above-captioned case be sealed.

This application is based on the attached memorandum of points and authorities, as well as the Declaration of John J. Lulejian and accompanying exhibit filed herewith.

\\
\\
\\
\\
\\
\\

Fugitive BANI SOLORZANO does not oppose the government's ex parte application.

DATED: November 28, 2017          Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s John J. Lulejian
JOHN J. LULEJIAN
Assistant United States Attorney

Attorneys for Complainant
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

By this application, the United States seeks an order of the Court directing that the Redacted Complaint (Docket No. 13) be sealed.

This Court has authority to seal the filings at issue under the general principle that "[e]very court has supervisory power over its own records and files." Nixon v. Warner Communications, 435 U.S. 589, 598 (1978). This inherent power may properly be exercised when disclosure would reveal facts that could interfere with an ongoing criminal investigation. See Times Mirror Co. v. United States, 873 F.2d 1210, 1213-15 (9th Cir. 1989). The Court also may use its inherent power to protect the privacy requirements of Federal Rule of Civil Procedure 5.2 and Federal Rule of Criminal Procedure 49.1, as well as the right to privacy afforded to crime victims. See 18 U.S.C. § 3771(a)(8) ("A crime victim has . . . the right to be treated with fairness and with respect for the victim's dignity and privacy.").

In this case, on October 26, 2017, the United States, acting in accordance with the Treaty obligations to the Government of Canada, filed its Complaint for Arrest Warrant and Extradition, along with supporting documents from the State Department, under seal. (See Decl. of John J. Lulejian, dated 11/28/2017 ("Lulejian Decl."), at ¶ 2; Docket No. 1.) On November 7, 2017, the government filed a redacted copy of the Complaint along with the supporting documents for the public record. (See Lulejian Decl. at ¶ 3; Docket No. 13.) Unfortunately, the government inadvertently failed to redact two references to fugitive BANI SOLORZANO's birthday, one reference to his street address, and one reference to an address once associated

1  with the victim from the 76-page document.  (See Lulejian Decl. at
2  ¶ 3.)  After discovering this unintentional oversight, counsel for
3  the government contacted the fugitive's counsel, explained what
4  happened, related that the government would file an amended Revised
5  Complaint, and that the government would apply ex parte for an order
6  directing that the Redacted Complaint (Docket No. 13) be sealed.
7  (See id. at ¶ 4.)  Counsel for the fugitive informed government
8  counsel that he did not object.  (See id.)
9      On November 28, 2017, the government redacted the above
10 information and filed for the public record the Amended Revised
11 Complaint with the supporting documents.  (See id. at ¶ 5; Docket
12 No. 21.)
13     Accordingly, for the foregoing reasons, the government
14 respectfully requests that the Court seal the Redacted Complaint
15 (Docket No. 13).

**DECLARATION OF JOHN J. LULEJIAN**

I, John J. Lulejian, declare as follows:

1. I am an Assistant United States Attorney and have been assigned to prosecute In the Matter of the Extradition of Bani Solorzano, Case No. 17-26677 M. I make this declaration in support of the government's Ex Parte Application to Seal Document.

2. On October 26, 2017, on behalf of the government, I filed a Complaint for Arrest Warrant and Extradition for fugitive BANI SOLORZANO (Docket No. 1). Attached to the Complaint were the original documents from the United States Department of State, which included information about the child victim, as well as personal information about the fugitive. To justify sealing the Complaint, on October 26, 2017, the government filed an Ex Parte Application to Seal Documents (Docket No. 3.) On that same day, United States Magistrate Judge Jean P. Rosenbluth granted the ex parte application (Docket No. 4).

3. On November 7, 2017, on behalf of the government, I filed a Redacted Complaint for Arrest Warrant and Extradition (Docket No. 13). Unfortunately, I inadvertently failed to redact two references to the fugitive's birthday, one reference to his street address, and one reference to an address once associated with the victim for this 76-page document.

4. On or about November 21, 2017, after discovering this unintentional oversight, I sent an e-mail to the fugitive's counsel, Deputy Federal Public Defender ("DFPD") Andre Townsend, explained what happened, explained that I would file an Amended Revised Complaint, and asked whether he would object to the government filing an ex parte application for an order directing that the Redacted

1  Complaint (Docket No. 13) be sealed.  DFPD Townsend wrote back that
2  he did not object.  A true and correct copy of our e-mail exchange is
3  attached hereto as Exhibit A.
4      5.   On November 28, 2017, I redacted the Revised Complaint and
5  filed for the public record the Amended Revised Complaint with the
6  supporting documents (Docket No. 21).
7      I declare under penalty of perjury that the foregoing is true
8  and correct to the best of my knowledge.
9
10     Executed this 28th day of November, 2017, at Los Angeles,
11 California.

_____
JOHN J. LULEJIAN

2

# EXHIBIT A

## Lulejian, John (USACAC)

**From:** Andre Townsend <Andre_Townsend@fd.org>
**Sent:** Tuesday, November 21, 2017 4:48 PM
**To:** Lulejian, John (USACAC)
**Subject:** Re: SOLORZANO - Docket No. 13

no objection.

"Lulejian, John (USACAC)" ---11/21/2017 04:47:50 PM---I just reviewed the redacted complaint and accompanying extradition documents. It appears that desp

From: "Lulejian, John (USACAC)" <John.Lulejian@usdoj.gov>
To: "Andre_Townsend@fd.org" <Andre_Townsend@fd.org>
Date: 11/21/2017 04:47 PM
Subject: SOLORZANO - Docket No. 13

---

I just reviewed the redacted complaint and accompanying extradition documents. It appears that despite my best efforts, I missed redacting your client's birthday in two places, his address in one place, and the victim's street address in another. I would like to move ex parte to seal Docket No. 13 and file an Amended Redacted Complaint to fix these and any other redactions I may have missed.

Please let me know if you have any objections. I don't want to bother you with stipulations while you are in trial.

Thank you and once again, happy Thanksgiving.

John



**John J. Lulejian | Assistant United States Attorney**
United States Attorney's Office | Central District of California
1200 U.S. Courthouse | 312 N. Spring Street | Los Angeles, California 90012 USA
T: +1 (213) 894-0721 | F: +1 (213) 894-0141 | John.Lulejian@usdoj.gov

1